IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DORIS M. DAVIS            :

                       :

    v.                :     Civil Action No. DKC 10-0552

                       :

BBR MANAGEMENT, LLC, ET AL.    :

                       :

## MEMORANDUM OPINION

Presently pending and ready for review in this employment discrimination action is the motion to dismiss filed by Defendants BBR Management, LLC, Denise Craft, and Chris Walls (ECF No. 6) and the motion to strike Defendants' motion to dismiss filed by Plaintiff Doris M. Davis. (ECF No. 10). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendants' motion will be granted and Plaintiff's motion will be denied.

## I.  Background

Plaintiff alleges the following facts. Plaintiff Doris Davis is an African-American resident of Maryland. From March 13, 2007, to June 18, 2009, Ms. Davis was an employee of Babcock & Brown Residential and worked as the property manager at Holly

Tree Apartment in Waldorf, Maryland.[1] (ECF No. 1 ¶ 12).
Defendant Denise Craft was Plaintiff's supervisor and a
"Regional Property Manager" for BBR. (*Id.* ¶ 13). Defendant
Chris Walls was a "Regional Service Manager" for BBR and his
responsibilities included securing the resources needed to
complete service requests made by Holly Tree residents. (*Id.*
¶ 15).

Plaintiff alleges that from January 2008 until her
termination on June 18, 2009 she was subjected to unequal terms
of employment and workplace harassment. (*Id.* ¶ 16). For
example, in 2008 Defendant Walls informed Plaintiff's
supervisor, Defendant Craft, that he had received complaints
about Plaintiff from vendors, including that Plaintiff had
cursed at a vendor and otherwise treated that vendor
unprofessionally. (*Id.* ¶¶ 20-21). The vendor later denied
these accusations. (*Id.* ¶ 22). Defendant Walls also demeaned

---

[1] Plaintiff's complaint identified Babcock & Brown, L.P. ("BBLP")
as the corporate Defendant and alleged that Plaintiff had
been employed by BBLP doing business as Babcock & Brown Residential.
(ECF No. 1 ¶ 2). Defendants subsequently informed Plaintiff
that the complaint identified the wrong corporate entity and
that BBR Management, LLC ("BBR"), a North Carolina limited
liability company, owned the Holly Tree apartment complex where
Plaintiff had been employed and was her former employer. (ECF
No. 14 ¶¶ 2-4). As a result the parties submitted a consent
motion to dismiss BBLP and substitute BBR Management, LLC (*Id.*),
and the court granted that motion on June 15, 2010. (ECF No.
15). Accordingly, all references to BBLP in the complaint will
be read as references to BBR.

Plaintiff in front of the service staff at Holly Tree and told them that she was not their manager, (*Id.* ¶¶ 23-24), and falsely informed Plaintiff's supervisors that she had missed an appointment with a tenant. (*Id.* ¶¶ 30-33). Because of Defendant Walls' fabricated accusations, Plaintiff began to receive negative performance reports, including receiving two "Team Member Warning Reports" in April and May 2009. (*Id.* ¶¶ 34-35). In May 2009 Plaintiff had a conversation with Defendant Craft wherein Ms. Craft suggested Plaintiff begin to look for other employment, and a month later she was fired. (*Id.* ¶¶ 36-37, 42).

Plaintiff maintains that Defendant Walls routinely treated her worse than other employees because of her race and that he routinely prohibited her from contacting vendors to fix problems on the property and then held her accountable when he did not fix the problems himself. (*Id.* ¶¶ 38-39). Plaintiff also maintains that Defendant Walls treated women and older persons, including herself, with less respect and greater hostility than men or younger persons, and that she was subjected to a hostile work environment because of her sex and age. (*Id.* ¶¶ 44-45, 47-48).

On October 8, 2009, Plaintiff filed a charge of discrimination with the United States Equal Employment

Opportunity Commission and the Maryland Commission on Human Relations. (*Id.* ¶ 8). The charge identified Babcock & Brown Residential-Holly Tree as the discriminating employer and alleged discrimination on the basis of race, sex, and retaliation. (ECF No. 11, Exhibit A). On December 7, 2009, Plaintiff was mailed a Right to Sue letter. (*Id.* ¶ 9). Plaintiff filed the present suit on March 5, 2010. In her complaint Plaintiff alleges that Defendants are liable under Title VII of the Civil Rights Act of 1964 as amended, 29 U.S.C. §2000e for discrimination on the basis of race and gender (counts i and ii), under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, ("ADEA") for discrimination on the basis of age (count iii), and for wrongful discharge under Maryland state law (count iv). On April 20, 2010, Defendants filed a motion to dismiss. (ECF No. 6). Plaintiff filed a motion to strike the motion to dismiss for untimeliness (ECF No. 10) and also filed a substantive opposition to the motion. (ECF No. 12).

## II. Motion to Strike

Plaintiff argues that Defendants' motion to dismiss should be stricken because it was untimely. Plaintiff asserts that because the complaint was served on March 12, 2010, Defendants' motion was due twenty-one days after service on April 2, 2010

per Fed.R.Civ.P. 12.   As a result the motion was twenty days late when filed on April 20, 2010.   (ECF No. 10).   Defendants argue in response that (1) the corporate Defendant was never served with the complaint; (2) no Defendants were properly served; (3) Defendants' counsel voluntarily accepted service on their behalf on March 31, 2010, making the motion timely; (4) Plaintiff failed to file a motion for entry of default prior to the filing of Defendants' motion to dismiss; and (5) Defendants' motion contained non-waivable defenses under Fed.R.Civ.P. 12.

Plaintiff's motion does not cite to any rule permitting the "striking" of a motion.[2]   Rather, she is advancing a separate reason for denying the motion.   She, however, incorrectly

---

[2] Federal Rule of Civil Procedure 12(f) states in relevant part:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, **the court may order stricken from any pleading** any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

(emphasis added).   Rule 12(f) relates to motions to strike pleadings and cannot be used to strike motions.   *See, e.g., Thomas v. Bet Sound-Stage Restaurant/BrettCo, Inc.*, 61 F.Supp.2d 448, 458 (D.Md. 1999)(denying motion to strike portions of motion to dismiss as improper use of motion to strike).

contends that Defendants' motion to dismiss was not filed on
time.  Although Plaintiff has asserted that the Defendants were
properly served on March 12, 2010, there is no evidence to
support this claim.  For individual defendants, Fed.R.Civ.P.
4(e) governs service on individuals and provides that service
may be accomplished in accordance with the laws of the state
where the district court is located or by any of the following:

> (A) delivering a copy of the summons and of
> the complaint to the individual personally;
>
> (B) leaving a copy of each at the
> individual's dwelling or usual place of
> abode with someone of suitable age and
> discretion who resides there; or
>
> (C) delivering a copy of each to an agent
> authorized by appointment or by law to
> receive service of process.

Fed.R.Civ.P. 4(e)(2).[3]  Plaintiff has offered affidavits from her
counsel, Mark T. Mixter, avering that the complaint was duly

---

[3] In Maryland service of process is governed by the MD Rules.
Rule 2-121 governs service of process on individuals.  It
generally mirrors the provisions of the Federal Rules and
states:

> Service of process may be made within this
> State or, when authorized by the law of this
> State, outside of this State (1) by
> delivering to the person to be served a copy
> of the summons, complaint, and all other
> papers filed with it; (2) if the person to
> be served is an individual, by leaving a
> copy of the summons, complaint, and all
> other papers filed with it at the

served on Defendants Denise Craft and Chris Walls at 301 S. College Street/Suite 3850, Charlotte, NC 28202, on March 12, 2010, per the attached return receipts. (ECF No. 10-1). Yet the return receipts themselves were not signed by the Defendants or anyone identified as their authorized agents for service of process. (ECF Nos. 4 and 5). In addition the Charlotte address is not the dwelling or usual place of abode for either individual; it is the address of the corporate headquarters for BBR. And finally, the summons and complaint were not mailed in accordance with the Maryland Rules which allow service by mail only if the papers are sent by certified mail with a request for "Restricted Delivery." *See* MD Rules, Rule 2-121(a). There is no evidence of compliance with this requirement.

---

individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery--show to whom, date, address of delivery." Service by certified mail under this Rule is complete upon delivery. Service outside of the State may also be made in the manner prescribed by the court or prescribed by the foreign jurisdiction if reasonably calculated to give actual notice.

For a corporate or partnership defendant, Fed.R.Civ.P. 4(h) governs service.[4]  It provides that:

> a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
>
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

---

[4] In Maryland service on limited partnerships is governed by MD Rules, Rule 2-124.  In provides in relevant part:

> **(f) Limited Partnership.** Service is made upon a limited partnership by serving its resident agent. If the limited partnership has no resident agent or if a good faith attempt to serve the resident agent has failed, service may be made upon any general partner or other person expressly or impliedly authorized to receive service of process.

Here Plaintiff has offered no evidence of proper service on Defendant BBR. Plaintiff attempted service upon BBLP at BBR's registered agent in Maryland, but the agent refused service because the party was improperly identified. (ECF No. 12, at 5).

While Plaintiff did not properly serve Defendants, their counsel voluntarily accepted service on behalf of all Defendants on March 31, 2010. (ECF No. 12, Exhibit A). Answers and/or motions to dismiss were thus due on April 21, 2010, and Defendants' motion was timely.

Plaintiff's motion to strike will be denied.

## III. Motion to Dismiss

Defendants move to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of jurisdiction and pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Because subject matter jurisdiction is a prerequisite to any court ruling on the merits, Defendants' arguments pursuant to Rule 12(b)(1) will be considered first.

### A. Dismissal for Lack of Subject Matter Jurisdiction

### 1. Standard of Review

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed. R.Civ.P. 12(b)(1). The plaintiff bears the burden of proving that subject matter jurisdiction properly

exists in the federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991), *cert. denied*, 503 U.S. 948 (1992); *see also Evans*, 166 F.3d at 647. The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768.

## 2. Analysis

Defendants argue that the court lacks jurisdiction to hear portions of Plaintiff's complaint because she failed to exhaust her administrative remedies. Specifically, Defendants argue that Plaintiff failed to exhaust her remedies with respect to the claims against Defendants Wall and Craft because they were not identified in the charge that was filed with the EEOC. (ECF No. 7, at 6). Likewise, Defendants argue that the ADEA claim should be dismissed because it was not referenced in the EEOC charge. (*Id.* at 7). Finally, Defendants argue that Plaintiff's complaint exceeds the scope of her EEOC Charge to the extent it references discriminatory acts prior to August 29,

2008, and the court lacks jurisdiction to consider any such acts because they are time-barred.  (*Id.* at 10).

Plaintiff argues in response that the claims against Defendants Wall and Craft should not be dismissed even though they were not named in the EEOC charge because their employer was named and they were described in the facts portion of the charge.  (ECF No. 11, at 2).  Accordingly, Plaintiff contends that the individual Defendants were not prejudiced in any way by her failure to name them specifically in the charge.  (*Id.*).  Plaintiff concedes that age discrimination was not referenced in the charge and admits that the court may lack jurisdiction over that claim.  (*Id.* at 3).  Finally Plaintiff maintains that she can use prior acts of discrimination for which no charge was timely filed with the EEOC as background evidence in support of timely filed claims.  (*Id.* at 4).

Title VII makes it "an unlawful employment practice . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2 (a)(1).  Before a plaintiff may file suit under Title VII, she is required to file a charge of discrimination with the Equal Employment Opportunity Commission

("EEOC"). *See* 42 U.S.C.2000e-5(f)(1). Analogous exhaustion requirements apply to claims under the ADEA. *See* 29 U.S.C. § 626(d).

Proper EEOC charges must meet several requirements. The charge must be in writing and verified under oath or affirmation under penalty of perjury. *See Edelman v. Lynchburg College*, 535 U.S. 106, 112 (2002). A charge is sufficient "only if it is 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Chacko v. Patuxent Inst.*, 429 F.3d 505, 508 (4th Cir. 2005)(quoting 29 C.F.R. § 1601.12(b)(2004)). Moreover, the scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents. *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). And "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). Thus, a claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297,

12

301 (4th Cir. 2009).  Likewise individual defendants who were not named as respondents in EEOC charges cannot be held personally liable in federal court.  *Id; see also Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998)("[u]nder Title VII and the ADEA, a civil action may be brought only "against the respondent named in the charge.").

A plaintiff's failure to name a defendant in an EEOC charge does not bar a subsequent suit if "the purposes of the naming requirement were substantially met," i.e. if (1) all defendants received fair notice, and (2) the EEOC was able to attempt conciliation with the responsible parties.  *Vanguard Justice Soc. Inc. v. Hughes*, 471 F. Supp. 670, 687 (D. Md. 1979) (internal citations omitted); *see also Causey* v, 162 F.3d at 800 (citing *Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir. 1988)).  As an example, Plaintiff cites *Efird v. Riley*, 342 F.Supp.2d 413 (M.D.N.C. 2004), where the court refused to dismiss claims against a sheriff where only the sheriff's department as a whole had been named as respondent in the EEOC charge.  While Plaintiff argues that the facts in this case are almost identical to those of *Efird*, there are important distinctions between the two cases.  First, by statute, the sheriff in *Efird* had the exclusive right to hire, discharge, and supervise the employees in his office and was the official party

13

that could be held liable for employment law violations committed by the sheriff's department. *Id.* at 240. Thus, although the EEOC charge listed the sheriff's department as responsible for the discriminatory firing, the sheriff himself had reason to know his conduct was at issue and he could be held responsible in his official capacity. *Id.* at 422. Moreover, the sheriff in that case had participated in the EEOC proceeding. *Id.* at 423. Similarly in other cases where courts have overlooked a plaintiff's failure to name individual defendants in the charging complaint, the defendants at issue also held positions where they represented the named defendant corporation or organization in an official capacity. *See, e.g., Alvarado v. Bd. of Trustees of Montgomery Cmty Coll.*, 848 F.2d 457, 460 (4th Cir. 1988)(naming requirement satisfied where charge listed college and complaint listed college's board of trustees); *McAdoo v. Toll*, 591 F.Supp. 1399, 1404 (D.Md. 1984)(naming requirement satisfied where charged listed University of Maryland and the complaint included specific university officials, such as the President, Chancellor, and Provost, in their official capacities); *Vanguard Justice Soc.*, 471 F.Supp. at 689 (naming requirement satisfied where charge listed Civil Service Commission of Baltimore, and complaint included individual commissioners in their official capacity).

14

In contrast, the individual defendants named in Plaintiff's complaint had no reason to know of the EEOC charge and were not in positions to make them substitutable for or essentially identical to the named respondent in the charge. The fact that their names were mentioned in the particulars section of the charge is not adequate.

In addition to the fact that the EEOC charge, as originally filed and as amended, listed only Babcock & Brown Residential-Holly Tree as the employer that had discriminated against Plaintiff, only the boxes for discrimination based on race, sex, and retaliation were checked. (ECF No. 11-1; ECF No. 7, Exhibit A). Discrimination on the basis of age was not asserted and Plaintiff cannot assert it now in federal court for the first time. Accordingly, all the claims against Defendants Walls and Craft will be dismissed and the claim arising under the ADEA will be dismissed.

**B.    Dismissal For Failure to State a Claim**

**1.    Standard of Review**

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading

standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999)(citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir.

1979). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### 2. Analysis

Defendants argue pursuant to Fed.R.Civ.P. 12(b)(6)(1) that the claims against the individual defendants should be dismissed because individual supervisors cannot be held liable under Title VII or the ADEA, (2) that the claim for wrongful discharge under Maryland law should be dismissed because such a claim cannot lie where there is a specific statutory procedure and remedy for the redress of the offending conduct, and (3) that Plaintiff has not satisfied the pleading standards of Fed.R.Civ.P. 8 as explained in *Twombly* and *Iqbal* for any of the claims.

Plaintiff has not responded to Defendants' argument regarding liability for individual supervisors under Title VII or the ADEA. In her opposition Plaintiff does maintain that the

wrongful discharge claim should not be dismissed and argues that she has pleaded sufficient facts to maintain all of her claims.

As discussed above, the claims against the individual defendants will be dismissed because they were not properly named in the EEOC charge. But even if they had been identified in the charge, they would not be proper defendants. Under Title VII and the ADEA supervisors cannot be held liable in their individual capacities. *Lissau v. S. Food Serv. Inc.*, 159 F.3d 177, 180 (4th Cir. 1998)("supervisors are not liable in their individual capacities for Title VII violations"); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir.)(no individual liability under ADEA), *cert. denied*, 513 U.S. 1058 (1994). This is because an individual supervisors is not the "employer" or the "employer's agent" within the meaning of the statutes. *Id*. Accordingly Plaintiff cannot maintain Title VII or ADEA claims against Defendant Craft, Plaintiff's alleged supervisor, or Defendant Walls, who is not even alleged to have supervisory authority over Plaintiff.

In Maryland, to succeed on a claim for wrongful discharge an employee must establish three elements: (1) that she was discharged, (2) that her discharge violates some clear mandate of public policy, and (3) that there is a nexus between the employee's conduct and the employer's decision to fire the

employee. *Wholey v. Sears Roebuck,* 370 Md. 38, 50-51 (2002). Abusive or wrongful discharge is an exception to the terminable at will doctrine of employment when public policy is violated but where a statutory exception to that doctrine has not already been provided. *Makovi v. Sherwin Williams Co.*, 316 Md. 603, 614 (1989). Accordingly, a wrongful discharge claim cannot be maintained for discriminatory conduct prohibited by Title VII, or any other federal or state statute relating to employment discrimination. *See id.* at 626.

Here Plaintiff's complaint identifies no mandate of public policy that Defendants allegedly violated aside from her claims of discrimination on the basis of race, sex, and age. As a result, Plaintiff has not stated a claim for wrongful discharge under Maryland law and that claim will be dismissed.[5]

Finally, Defendants argue that the complaint does not contain sufficient facts for Plaintiff to maintain claims of employment discrimination under Title VII (or the ADEA) against any of the Defendants. Because the claims against Defendants Walls and Craft will be dismissed on other grounds, the court will only address the sufficiency of Plaintiff's pleading with respect to Defendant BBR.

---

[5] Because Plaintiff has not stated a claim for wrongful discharge under Maryland law, it is not necessary to consider whether individual supervisors can be liable for wrongful discharge.

Defendants rely heavily on the new pleading standard set forth in *Twombly* and *Iqbal* and argue that it is no longer sufficient for Plaintiff to allege only that Defendants "regularly treated African-American persons, including herself worse than other races" and that "she was subjected to a hostile work environment for reasons not related to her work performance but instead based on her race." (ECF No. 7, at 13)(citing ECF No. 1 ¶¶ 39, 41).

Defendants' position is supported by a recent ruling from the Fourth Circuit in *Coleman v. Maryland Court of Appeals*, 626 F.3d 187 (4th Cir. Nov. 10, 2010). In *Coleman*, the Fourth Circuit reiterated that absent direct evidence, the elements of a *prima facie* case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class. *Id.* at 190 (citing *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir.2004).[6] The Fourth Circuit went

---

[6] The elements for a claim of age discrimination under the ADEA are very similar. To establish a prima facie case of age discrimination, "a plaintiff must show: (1) he is a member of the protected class; (2) that the employee was qualified for the job and met the employer's legitimate expectations; (3) that the employee was discharged despite his qualifications and performance; and (4) following his discharge, he was replaced by someone with comparable qualifications outside the protected

20

on to hold that the complaint's conclusory allegations that the plaintiff had been terminated on the basis of his race and that he "was treated differently as a result of his race than whites" were insufficient to state a claim. *Id.* at 191. The Fourth Circuit further concluded that because the complaint failed to state a factual basis in support of these allegations it failed to rise above the level of speculation. *Id.*

Plaintiff's allegations in this case are equally conclusory. Plaintiff has asserted no facts to support her claim that she was treated differently on the basis of her race, age, or sex. Absent any factual support for her claims under Title VII or the ADEA, they must be dismissed.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion to strike will be denied and Defendants' motion to dismiss will be granted. A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

class. *Causey v. Balog*, 162 F.3d 795, 802 (4th Cir. 1998). Plaintiff's pleading with respect to the age discrimination claim suffers from the same defects as her pleading of race and sex discrimination under Title VII.